**UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

KATARZYNA PRZYDROZNY,

      Plaintiff,

v.

      Case No. 1:20-cv-07626

DOVENMUEHLE MORTGAGE, INC.,

      Defendant.

## COMPLAINT

**NOW COMES** Plaintiff, KATARZYNA PRZYDROZNY, through undersigned counsel, complaining of Defendant, DOVENMUEHLE MORTGAGE, INC., as follows

### NATURE OF ACTION

1.      This action is seeking redress for Defendant's violation(s) of the Fair Debt Collection Practices Act (the "FDCPA"), 15 U.S.C. § 1692 *et seq*.

### JURISDICTION AND VENUE

2.      This Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1331.

3.      Venue in this district is proper under 28 U.S.C. § 1391(b)(2).

### PARTIES

4.      KATARZYNA PRZYDROZNY("Plaintiff") is a natural person, over 18-years-of-age, who at all times relevant resided at 513 Spring Street, Roselle, Illinois 60172.

5.      Plaintiff is a "consumer" as defined by 15 U.S.C. § 1692a(3).

6.      DOVENMUEHLE MORTGAGE, INC. ("Defendant") is a corporation organized and existing under the laws of the state of Delaware.

1

7.      Defendant has its principal place of business at 1 Corporate Drive, Suite 360, Lake Zurich, Illinois 60047.

8.      Defendant is a "debt collector" as defined by 15 U.S.C. § 1692a(6).

9.      Defendant uses instrumentalities of interstate commerce and the mail in its business – the principal purpose of which is the collection of debt owed or due or asserted to be owed or due another.

## FACTUAL ALLEGATIONS

10.      A home equity line of credit was issued by Harris, N.A. on May 3, 2007 and was secured by a mortgage on Plaintiff's personal residence located at 513 Spring Street, Roselle, Illinois 60172 (the "Property").

11.      A home equity line of credit is a loan secured by a mortgage on the borrower's property that allows the borrower to draw down money up to a certain maximum amount – in this case $115,000.00 (the "Loan").

12.      The Loan is a "debt" as defined by 15 U.S.C. § 1692a(5).

13.      Plaintiff subsequently defaulted on the Loan by failing to make monthly payments.

14.      On April 19, 2010, Plaintiff filed a voluntary petition for relief under Chapter 7, Title 11, United States Code.

15.      The schedules filed by Plaintiff included Harris, N.A. on Schedule D – Creditors Holding Secured Claims.

16.      Accordingly, on April 20, 2010, the Bankruptcy Noticing Center issued a Certificate of Notice, certifying, under penalty of perjury, that it sent Notice of Chapter 7 Bankruptcy Case by first class mail or electronic transmission to Plaintiff's creditors, including Harris, N.A.

2

17.     On August 31, 2010, a discharge under 11 U.S.C. § 727 was granted to Plaintiff.

18.     On August 31, 2010, the Bankruptcy Noticing Center issued a Certificate of Notice, once again, certifying, under penalty of perjury, that it sent notice of Plaintiff's discharge by first class mail or electronic transmission to Plaintiff's creditors, including Harris, N.A.

19.     Plaintiff's discharge eliminated any personal liability on the indebtedness owed and secured by the Property.

20.     On July 5, 2011, Bank of Montreal (BMO) announced it completed the acquisition of Marshall & llsley Corporation (M&I).  M&I Bank combined with Harris Bank to form BMO Harris Bank, N.A.

21.     BMO Harris Bank, N.A. sent Plaintiff a letter, dated August 27, 2020, which stated:

> Dear KATARZYNA PRZYDROZNY,
>
> BMO is committed to providing you with the best possible service during the life of the Home Equity Line of Credit ("HELOC").  As part of our commitment, we have engaged Dovenmuehle Mortgage, Inc. (DMI), an industry leader in mortgage loan servicing, to service the HELOC in BMO's name.  The BMO and DMI teams bring you the benefit of DMI's years of experience in mortgage loan servicing, coupled with BMO'S continued involvement to ensure that you receive the level of attention and care that you deserve.
>
> Enclosed you will find a Notice of Servicing Transfer which includes important information about the transfer.

22.     The Notice of Servicing Transfer stated, in part:

> **Notice of Servicing Transfer**
>
> This letter contains important information about how the Home Equity Line of Credit ("HELOC") will be serviced.
>
> The servicing of the HELOC is being transferred to Dovenmuehle Mortgage, Inc. (DMI). DMI will be servicing the HELOC in BMO's name.
>
> **What this means for you**
> * DMI's servicing will not affect any term of condition of the HELOC other than terms directly related to the servicing of the HELOC.
>
> * Starting September 11, 2020, (the "Effective Date"):

- DMI will begin servicing the HELOC. If you wish to make payments, you may send payments to DMI on behalf of BMO at the following address:

  > BMO Harris Bank N.A. (by DMI)
  > P.O. Box 0054
  > Palatine, IL 60055-0054

- BMO will stop accepting mailed payments to any other address.

  - PLEASE NOTE: If you are in active bankruptcy and your bankruptcy plan requires you to send the regular monthly payments to the Trustee, you should comply with the terms of the bankruptcy plan. Please contact your attorney or the Trustee if you have any questions.

- If you are making payments to BMO Harris Bank N.A. by means of automatic deduction, this service will continue with DMI only if you signed and returned the new automatic payment authorization form to BMO Harris Bank N.A.

23.    Defendant, on behalf of BMO Harris Bank, N.A., sent Plaintiff a letter, dated September 23, 2020 (the "Letter"), which stated, in part:

> **Fair Debt Collection Practices Act Validation Notice**
>
> Dear Katarzyna Przydrozny:
>
> Pursuant to the Fair Debt Collection Practices Act, we are providing the following information concerning your loan:
>
> As of the date of this letter, *you owe $144,533.57.*
>
> Because of interest, late charges, and other charges that may vary from day to day, the amount due on the day your pay may be greater. Hence, if you pay the amount shown above, an adjustment may be necessary after we receive your check, in which event we will inform you before depositing the check for collection. For further information, write the undersigned or call 1-855-290-4760.
>
> The debt is owed to BMO Harris Bank N.A.

(emphasis added).

24.    The Letter is a "communication" as defined by 15 U.S.C. § 1692a(2).

25.    The Letter was sent on BMO Harris Bank, N.A.'s letterhead.

4

26. The letterhead contained an address: "1 Corporate Drive, Suite 360, Lake Zurich, Illinois 60047."

27. 1 Corporate Drive, Suite 360, Lake Zurich, Illinois 60047 is Defendant's corporate headquarters address.[1]

28. The Letter further stated: "THIS DOCUMENT IS AN ATTEMPT TO COLLECT A DEBT, AND ANY INFORMATION OBTAINED WILL BE USED FOR THAT PURPOSE."

## DAMAGES

29. Congress enacted the FDCPA to rein in certain "evils" associated with debt collection," *Bentrud v. Bowman, Heintz, Boscia & Vician, P.C.*, 794 F.3d 871, 874 (7th Cir. 2015), because existing legal remedies were, in its judgment, "inadequate to protect consumers." 15 U.S.C. § 1692(b).

30. To address those practices, the FDCPA imposes a "rule against trickery." *Beler v. Blatt, Hasenmiller, Leibsker & Moore, LLC*, 480 F.3d 470, 473 (7th Cir. 2007); see also O'Rourke v. Palisades Acquisition XVI, LLC, 635 F.3d 938, 941 (7th Cir. 2011) (noting that the FDCPA's prohibitions "keep consumers from being intimidated or tricked by debt collectors").

31. The statute thus gives debtors a right to receive accurate information, which they can enforce against debt collectors by bringing suit under the FDCPA. *See Hahn v. Triumph P'ships LLC*, 557 F.3d 755, 757 (7th Cir. 2009) ("The [FDCPA] is designed to provide information that helps consumers to choose intelligently ... .").

---

[1] https://www.dovenmuehle.com/visitus (last accessed December 21, 2020).

32. The value of receiving truthful information about one's financial affairs—and the ill effects of receiving misleading information—may be hard to quantify, especially where, as here, Plaintiff did not act upon the misinformation.

33. But being misled in violation of an anti-trickery statute like the FDCPA is a concrete harm, nevertheless. *See Havens Realty Corp. v. Coleman*, 455 U.S. 363, 373-74, 102 S. Ct. 1114, 71 L. Ed. 2d 214 (1982) (holding that a plaintiff "who has been the object of a misrepresentation made unlawful" by federal statute suffered an injury in fact and thus had Article III standing).

34. Courts have long recognized that bankruptcy is intended to "relieve the honest debtor from the weight of oppressive indebtedness and permit him to start afresh," *In re Renshaw*, 222 F.3d 82, 86 (2d Cir. 2000) (quoting *Williams v. U.S. Fidelity & Guar. Co.*, 236 U.S. 549, 554-555, 59 L. Ed. 713, 35 S. Ct. 289 (1915)), by providing the debtor "a new opportunity in life and a clear field for future effort, unhampered by the pressure and discouragement of preexisting debt." *Local Loan Co. v. Hunt*, 292 U.S. 234, 244, 78 L. Ed. 1230, 54 S. Ct. 695 (1934).

35. Without question, Defendant's unlawful collection practices have deprived Plaintiff of one of her fundamental rights and led Plaintiff to believe her bankruptcy was for naught, causing anxiety and extreme emotional distress as she was led to believe she was personally responsible for the previously-discharged $144,533.57 balance.

36. Concerned with having had her rights violated, Plaintiff was forced to retain counsel; therefore, expending time and incurring attorney's fees to vindicate her rights.

## CLAIMS FOR RELIEF

### COUNT I:
### Fair Debt Collection Practices Act (15 U.S.C. §§ 1692 *et seq*.)

37.     All paragraphs of this Complaint are expressly adopted and incorporated herein as though fully set forth herein.

### Violation of 15 U.S.C. § 1692e

38.     Section 1692e provides:

A debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt.  Without limiting the general application of the foregoing, the following conduct is a violation of this section.

(2)     The false representation of–

(A)     the character, amount, or legal status of any debt.

(10)    The use of any false representation or deceptive means to collect or attempt to collect any debt or to obtain information concerning a consumer.

(14)    The use of any business, company, or organization name other than the true name of the debt collector's business, company, or organization.

39.     The Letter asserted that Plaintiff **owed** $144,533.57 on the Loan.

40.     But at the time the Letter was sent, Plaintiff's did not **owe** $144,533.57 to BMO Harris Bank, N.A. because that debt had been discharged in Plaintiff's Chapter 7 bankruptcy.

41.     It seems clear, then, that the Letter misrepresented the legal status of Plaintiff's Loan and used false representation(s) to collect or attempt to collect Plaintiff's Loan in violation of 15 U.S.C. §§ 1692e(2)(A) and e(10).  *See Randolph v. IMBS, Inc*., 368 F.3d 726, 728 (7th Cir. 2004) ("[A] demand for immediate payment while a debtor is in bankruptcy (or after the debt's

discharge) is 'false' in the sense that it asserts that money is due, although, because of the automatic stay (or discharge injunction), it is not."

42.     Defendant violated 15 U.S.C. § 1692e(14) by using BMO Harris Bank, N.A.'s a name other than the true name of its business when it falsely held itself out to be BMO Harris Bank, N.A. in the Letter.

43.     The FDCPA is enforced by the Federal Trade Commission ("FTC"), which has offered guidance on how to interpret that statute.  *Hawthorne v. Mac Adjustment, Inc*., 140 F.3d 1367, 1372 n.2 (11th Cir. 1998).

44.     Although the FTC's guidance "does not have the force of law and is not entitled to deference in FDCPA cases[, the Court] may adopt its interpretation when [they] find its logic persuasive."  *Brown v. Card Serv. Ctr*., 464 F.3d 450, 455 (3d Cir. 2006).

45.     The FTC has interpreted the "true name" requirement in § 1692e(14) to permit a debt collector to "use its full business name, the name under which it usually transacts business, or a commonly-used acronym[,]" as long as "it consistently uses the same name when dealing with a particular consumer."  *Statements of General Policy or Interpretation Staff Commentary On the Fair Debt Collection Practices Act*, 53 Fed. Reg. 50097, 50107 (Dec. 13, 1988).

46.     Here, BMO Harris Bank, N.A. is not the "true name" of Defendant–it is not Defendant's full business name, the name under which it usually transacts business, or its commonly used acronym.

## Violation of 15 U.S.C. § 1692f

47.     Section 1692f provides:

A debt collector may not use unfair or unconscionable means to collect or attempt to collect any debt.  Without limiting the general application of the foregoing, the following conduct is a violation of this section:

8

   (1)   The collection of any amount (including any interest, fee, charge, or expense incidental to the principal obligation) unless such amount is expressly authorized by the agreement creating the debt or permitted by law.

48.    Section 524(a)(2) provides in relevant part that the bankruptcy discharge "operates as an injunction against the commencement or continuation of an action, … or an act, to collect, recover, or offset any such debt as a personal liability of the debtor…" 11 U.S.C. § 524(a)(2).

49.    Defendant violated 15 U.S.C. § 1692f(1) by attempting to collect debt (Plaintiff's discharged Loan) not permitted by 11 U.S.C. § 524(a)(2).

50.    Plaintiff may enforce the provisions of 15 U.S.C. §§ 1692e(2)(A), e(10), e(14), and f(1) pursuant to section k of the Fair Debt Collection Practices Act (15 U.S.C. § 1692k) which provides "any debt collector who fails to comply with any provision of [the Fair Debt Collection Practices Act] with respect to any person is liable to such person in an amount equal to the sum of–

(1)    any actual damage sustained by such person as a result of such failure;

(2)

    (A)    in the case of any action by an individual, such additional damages as the court may allow, but not exceeding $1,000.00; or

(3)    in the case of any successful action to enforce the foregoing liability, the costs of the action, together with reasonable attorney's fees as determined by the court.

**WHEREFORE**, Plaintiff requests the following relief:

A.    find that Defendant violated 15 U.S.C. §§ 1692e(2)(A), e(10), e(14), and f(1);

B.    award any actual damage sustained by Plaintiff as a result of Defendant's violation(s) pursuant to 15 U.S.C. § 1692k(a)(1);

9

C.      award such additional damages, as the Court may allow, but not exceeding $1,000

pursuant to 15 U.S.C. § 1692k(a)(2)(A);

D.      award costs of this action including expenses together with reasonable attorneys'

fees as determined by this Court pursuant to 15 U.S.C. § 1692k(a)(3); and

E.      award such other relief as this Court deems just and proper.

## DEMAND FOR JURY TRIAL

Pursuant to Fed. R. Civ. P. 38(b), Plaintiff demands a trial by jury of any and all issues in this action so triable of right.

DATED: December 21, 2020                     Respectfully submitted,

**KATARZYNA PRZYDROZNY**

By: */s/ Joseph S. Davidson*

Joseph S. Davidson
LAW OFFICES OF JOSEPH P. DOYLE LLC
105 South Roselle Road
Suite 203
Schaumburg, Illinois 60193
+1 847-985-1100
jdavidson@fightbills.com